JOHN M. HARPER

*v.*

ARCHIBALD C. McELROY

The rule that an injunction will not issue unless the complainant's right to the subject-matter in dispute, and also to the remedy, is clear, applied to a case where complainant verbally rented a lot, and claims also to have rented an adjoining lot, which the landlord has sold to the defendant, his tenure of the latter lot being disputed, and, at best, appearing to be a mere verbal license to cross it, which could be revoked at any time by the landlord, and was, in fact, revoked by his conveying the lot to the defendant, whose acts in cutting trees and digging a cellar thereon for a house are sought to be enjoined as an irreparable trespass.

*Mr. Meredith* and *Mr. B. Stockton,* for complainant. ·

*Mr. F. Voorhees,* for defendant.

BIRD, V. C.

The bill in this case is presented by a lessee, asking for an injunction to restrain the grantee of his landlord from trespassing on one of two lots which he claims he rented, but for which the alleged trespasser has a deed of conveyance in fee. The complainant did rent one lot, and insists that he also rented the ad-

Harper v. McElroy.

joining lot, which extends from the rear of the first one to the Delaware river. This last one has been conveyed, and the purchaser has entered upon it, and has cut a sycamore tree and two pines. He has also commenced excavations for a house cellar. It is declared that the defendant threatens other similar acts of trespass.

It is admitted that an injunction will not issue unless the complainant's right to the subject-matter in dispute, and also to the remedy, is clear. If there be reasonable or serious doubt, his prayer will be denied. The cases on this point are collected in *Stew. Dig. p. 620* §§ *13, 15.* This plain and most valuable rule forbids that I should make the order in this case absolute. There is a serious dispute between the complainant and his landlord, whether the rear lot was included in the verbal agreement to rent or not. The landlord is very emphatic that it was not, and says that he only gave the complainant permission to pass over the rear lot to the river. I think it appears that the rear lot was, all of the time, offered for sale; that the complainant not only knew this fact, but had made offers for it, or made inquiries about the price. These facts make one thing only quite plain, which is that the complainant had a license simply to pass over the rear lot to the river, which was revocable, at any time, by the owner. If he acquired any other right by his agreement, it is not established before me.

This view renders it wholly unnecessary for me to decide whether the trees cut were ornamental shade trees or not, and whether the threat to cut others should be restrained by injunction or not.

I will advise that the order to show cause be discharged, with costs.